NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0379n.06
Filed: May 11, 2005

No. 04-1284

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MARK DEDVUKAJ; DEDVUKAJ, INC., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| EQUILON ENTERPRISES, L.L.C., | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: DAUGHTREY and GIBBONS, Circuit Judges; SARGUS, District Judge.[*]

JULIA SMITH GIBBONS, Circuit Judge. Plaintiffs-appellants Mark Dedvukaj and

Dedvukaj, Inc. bought a service station franchise in Michigan in 1998 and entered into a franchise

agreement with Shell for its operation. At some point thereafter, defendant-appellee Equilon, an

affiliate of Shell, assumed the franchise agreement from Shell. In 2001, the service station began

experiencing financial difficulties. Dedvukaj, Inc. fell behind in payments to Equilon and also

stopped selling gasoline for the entire month of October 2001. Equilon terminated the franchise

agreement with Dedvukaj, Inc. in November 2001. The plaintiffs brought suit against Equilon,

alleging a violation of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.*, and

advancing claims for breach of contract, fraud and misrepresentation, promissory estoppel, and

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District
of Ohio, sitting by designation.

conversion. Equilon subsequently filed a motion for summary judgment. The plaintiffs filed a response and attached to that response the affidavit of Nikola Dedvukaj. Equilon moved to strike the affidavit because Nikola Dedvukaj never appeared for his deposition and the plaintiffs failed to respond to an interrogatory seeking information regarding his whereabouts. The district court granted Equilon's motion to strike the affidavit and also granted summary judgment to Equilon on all counts.

After careful consideration of the record, the briefs of the parties, and the statements made at oral argument, we conclude that the district court's opinion thoroughly analyzed all the issues and appropriately applied the relevant law to the facts of this case. Any further discussion by this court would be duplicative and serve no useful purpose. Accordingly, we affirm the district court's decision to strike the affidavit and to grant summary judgment to Equilon for the reasons stated in its opinion. *See Dedvukaj v. Equilon Enters., L.L.C.*, 301 F. Supp. 2d 664 (E.D. Mich. 2004).